UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: )<br>)<br>CHRISTOPHER KENNEDY WILSON, )<br>)<br>            DEBTOR. )<br>CONNECTICUT HOUSING FINANCE )<br>AUTHORITY, )<br>)<br>            MOVANT, )<br>)<br>v. )<br>)<br>CHRISTOPHER KENNEDY WILSON, )<br>)<br>            RESPONDENT. ) | CASE NO.  13-21001 (ASD)<br><br>CHAPTER  13<br><br><br><br><br><br><br><br>RE:  ECF NO.  32 |

**BRIEF MEMORANDUM AND ORDER
DENYING MOTION FOR RELIEF FROM STAY AS UNNECESSARY**

On May 16, 2013 (hereinafter, the "Petition Date"), Christopher Kennedy Wilson (hereinafter, the "Debtor"), commenced the instant bankruptcy case by the filing of a voluntary petition (hereinafter, the "Petition") under Chapter 13 of the United States Bankruptcy Code.[1]

---

[1] The commencement of the instant case followed three bankruptcy cases filed by the Debtor in 2008, 2009, and 2010. The Debtor's first case (Case No. 08-22401), filed under Chapter 13 on December 5, 2008, was dismissed on December 23, 2008, for failure to file Schedules, a Statement or a Plan. ECF No. 17. Thereafter, on January 20, 2009, the Movant obtained a judgment of strict foreclosure in the Connecticut Superior Court with a law date set for March 23, 2009  (hereinafter, the "First Law Date").

On March 19, 2009, two business days prior to the First Law Date, the Debtor commenced a second case under Chapter 13 (Case No. 09-20639) staying by operation of the automatic stay of §362(a) the aforementioned state court foreclosure proceedings and the First Law Date. The second case was converted to a case under Chapter 7 on December 2, 2009, and the Debtor received a discharge on March 12, 2010. Thereafter, the Movant obtained a new law date set for April 12, 2010 (hereinafter, the "Second Law Date").

On April 7, 2010, three business days prior to the Second Law Date, the Debtor commenced a third case under Chapter 13 (Case No. 10-21131) staying the aforementioned state court foreclosure proceedings and the Second Law Date. The Movant, on February 20, 2013, obtained relief from the automatic stay. ECF No. 49.  At the time, the Debtor had not made a payment on his mortgage for two years.  The third case was dismissed on March 7, 2013. Thereafter, the Movant obtained a new law date set for May 20, 2013 (hereinafter, the "Third Law Date").

On May 16, 2013, two business days prior to the Third Law Date, the Debtor commenced the instant bankruptcy case staying the aforementioned state court foreclosure proceedings and the Third Law Date.

On May 22, 2013, in obvious belief and recognition that the automatic stay of §362(a) as applicable to this case and its history, *see* n.1, would terminate pursuant to §362(c)(3)(A) as a matter of law "on the 30th day after the [Petition Date]," the Debtor filed a *Motion to Extend Stay Pursuant to 11 U.S.C. Section 362(c)(3)(B)* (hereinafter, the "Motion to Extend"),[2] ECF No. 5, which, following notice and a hearing held June 13, 2013, was denied. *See* Margin Endorsement on Motion, ECF No. 20. In light of the denial of the Motion to Extend it is undisputed, and cannot be disputed, that by operation of §362(c)(3)(A) the automatic stay terminated on June 15, 2013.

Presently before the Court following notice and a hearing held December 19, 2013 (hereinafter, the "Hearing"), is Connecticut Housing Finance Authority's (heretofore and hereinafter, the "Movant") *Motion for Relief from Stay and In Rem Relief* (hereinafter, the "Motion")[3], ECF No. 32. The Motion is largely in response to the Debtor's position that Section 362(c)(3)(A) terminated the automatic stay on June 15, 2013 "only with respect to the Debtor and the Debtor's property." *Debtor's Response to [Movant's] Objection to Determine Status of Claim* (hereinafter, the "506 Response"), p. 3, ECF No. 57[4]. In support of his position the Debtor cites *In re Weil,* No. 12cv462, 2013 WL 1798898 *5 (D.

---

[2]    In light of the Third Case, dismissed by Order date March 7, 2013, and by operation of Section 362(c)(3)(A), the automatic stay of Section 362(a) triggered by the commencement of the present case, was set to terminate on the 30th day following the filing of the Petition.

[3]    Through the Motion, the Movant seeks relief from the automatic stay, *In Rem* relief, and, alternatively, dismissal of the case with the prejudice of a two year bar as to any future filing by the Debtor, arguing, *inter alia*, that the collective five-year bankruptcy history attending this case, *see* n.1, reflects a debtor pursuing a serial abusive bankruptcy agenda intended to delay, hinder, impede and forestall the Movant's legitimate attempts to foreclose on its interest in real property in the Superior Court for the State of Connecticut.

[4]    The Debtor did not file a written response to the Motion but raised the issue of the extent of the stay termination pursuant to §362(c)(3)(A) at the Hearing and in the 506 Response.

Conn. April 29, 2013) (holding "that Section 362(c)(3) merely provides for a partial termination of the automatic stay. After thirty days, the stay terminates only with respect to the debtor and the debtor's property; the stay remains operative, however, with respect to estate property even after the thirty-day period expires"). Accordingly, as an initial matter the Court must determine the *extent* to which the automatic stay "terminates" by operation of Bankruptcy Code Section 362(c)(3)(A).

The Court respectfully disagrees with the holding in *Weil* but, rather, concurs in and adopts the reasoning of the detailed opinion of the Ninth Circuit Bankruptcy Appellate Panel in *In Re Resnick*, 446 B.R. 362 (9th Cir. BAP 2011)[5] and determines that §362(c)(3)(A) terminated the automatic stay *in its entirety* on the 30th day after the Petition Date.[6]

In accordance with this determination the Court finds that the Motion is unnecessary as the Movant has been since June 15, 2013, free to commence, continue and prosecute to judgment a foreclosure action in state court and otherwise exercise its rights, if any, with respect to the Debtor and the Debtor's property *as well as property of the bankruptcy estate*.[7]

---

[5]      An appeal of *Resnick* to the United States Court of Appeals for the Ninth Circuit (CA No. 11-60014) was dismissed with prejudice upon a stipulation of the parties pursuant to Fed. R. App. P. 42(b). *In Re Resnick*, BAP No. NC-10-1154-SaHKi (ECF No. 35-1) (January 19, 2012).

[6]      In adopting and applying the BAP opinion in *Resnick* to the present case, this Court is fully cognizant, as was the panel in *Resnick*, that the majority of courts to address this issue conclude that §362(c)(3)(A) terminates the automatic stay only with respect to the debtor and the debtor's property. *See Resnick*, 446 B.R. at 365-67 (Part B - The Two Interpretations of Section 362(c)(3)(A)).

[7]      The Motion and proposed order attached to the Motion identify the relevant property as "98 East Burnham Street, Bloomfield, Connecticut" while the files and records of the Debtor's four cases, *inter alia*, the Petition (listing the Debtor's address), the Movant's Proofs of Claim, and the prior *Motion for Relief from Stay*, ECF No. 43 (Case No. 10-21131), identify the relevant property to be "19 [or 19 - 21] Milford Street, Hartford, Connecticut". However, in light of the Court's determination herein it is not necessary for the Court to address

In light of the above,

**IT IS HEREBY ORDERED** the Motion is **DENIED** as unnecessary,[8] and

**IT IS FURTHER ORDERED** that in all other respects including to the extent that the Motion seeks *in rem* relief and or a dismissal of the instant case with prejudice, the Motion is also **DENIED** without prejudice.[9]

Dated: January 15, 2014                                                                                           BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge

---

this property discrepancy.

[8]    Even were the Court to apply the holding in *Weil* to this matter, it appears that the Movant may have a strong argument for relief from the stay as to property of the estate, as well as for *in rem* relief and/or a dismissal with prejudice. However, fair opportunity to be fully heard as to these requests was not provided at the Hearing, *see* n.9, nor did either party address the discrepancy as to the address of the relevant property. *See* n.7.

[9]    At the Hearing, the Court considered seven pleadings, three of which, the Motion*, ECF No. 32*, the Debtor's *Motion to Determine Status of Claims (19-21 Milford Street, Hartford, CT)* (hereinafter, the "506 Motion"), ECF No.38, and the Movant's *Objection to Debtor's Motion to Determine Status of Claims,* ECF No. 49, were taken under advisement. However, as the discussion of the Motion was limited to the issue resolved herein – the extent to which the automatic stay terminated pursuant to §362(c)(3)(A), the parties were not provided sufficient opportunity to address the balance of the Motion, that is, the Movant's request for *In Rem* relief and a dismissal of the case with prejudice. Accordingly, the balance of the Motion is denied without prejudice to the Movant to seek such relief by separate pleading, or in connection with any future consideration of the Chapter 13 Trustee's *Request for Confirmation Hearing and Motion to Dismiss*, ECF No. 24, and/or the Chapter 13 Trustee's *Motion to Dismiss Pending Case with 1 Year Bar on Subsequent Filings*, ECF No. 27.